UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIJAH IBN ABDULLAH, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02758-JPH-TAB |
| SHERIFF OF THE MARION COUNTY JAIL,[1] | ) ) ) |
| Respondent. | ) |

**ORDER DISMISSING ACTION AS MOOT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Elijah Ibn Abdullah filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while a pretrial detainee confined at the Marion County Jail. At that time, Mr. Abdullah argued that his speedy trial rights were violated. In response, the Respondent sought dismissal of this action because Mr. Abdullah failed to exhaust his state-court remedies prior to filing his petition. Before the merits of the petitioner's claims could be resolved, however, he was convicted in state court and is no longer eligible for relief under § 2241. For the reasons explained below, the respondent's motion to dismiss, dkt [7], the petitioner's motion for summary judgment, dkt [9], and motion for immediate habeas corpus relief, dkt [14], are **denied as moot** and this action is **dismissed**.

---

[1] A section 2241 habeas petition must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, namely, the person with "day-to-day control" over him. *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003); *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019) (same). In this case, the Sheriff of the Marion County Jail, not the court or the State, was the proper respondent. The **clerk is directed** to substitute the Sheriff of the Marion County Jail as the Respondent on the docket. All others named as Respondents are terminated.

## I. Procedural History

On April 15, 2019, the State of Indiana charged Mr. Abdullah with 10 counts of Class A misdemeanor invasion of privacy under cause number 49G04-1904-F6-014535. Dkt. 8-1 at 2-3; dkt. 8-2. Mr. Abdullah was arrested the following day. Dkt. 1 at 2; dkt. 8-1 at 3. On April 17, 2019, the State moved to amend the charging information to add a Level 5 felony stalking charge, which was granted by the trial court. Dkt. 8-1 at 4; Dkt. 8-3 (amended information).

At an initial hearing on April 22, 2019, the trial court appointed Mr. Abdullah counsel from the Marion County Public Defender's Agency and set Mr. Abdullah's trial for June 27, 2019. Dkt. 8-1 at 5-6; dkt. 8-4. On June 5, 2019, Mr. Abdullah's public defender withdrew his appearance and another public defender appeared on Mr. Abdullah's behalf. Dkt. 8-1 at 8; dkt. 8-5.

At a hearing on June 12, 2019, Mr. Abdullah, by counsel, moved to continue the June 27th trial date. Dkt. 8-1 at 8-9; dkt. 8-6. The trial court rescheduled Mr. Abdullah's trial for July 25, 2019. *Id.*

Following a continuance, a plea agreement was filed on September 30, 2019, and a change of plea hearing was held on October 1, 2019. *Id.* Mr. Abdullah was convicted of counts 2 and 3 and sentenced to probation, and the remaining counts were dismissed.

Mr. Abdullah was ordered released from pretrial custody and directed to report to Probation on October 1, 2019. *Id.* Following release from custody, Mr. Abdullah has not provided the Court with a current address at which he can receive the Court's correspondence.

## II. Discussion

Criminal defendants detained by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir.

2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37 at 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

After this action was fully briefed, the criminal charges brought against Mr. Abdullah by the State of Indiana were resolved through a plea agreement. Having been convicted, Mr. Abdullah is no longer a pretrial detainee and claims concerning his pre-trial confinement are moot. *Jackson*, 796 F.3d at 843. Because of this change in status, Section 2241 is not available to Mr. Abdullah to assert his speedy trial rights with respect to the state court proceedings and his petition must be dismissed as moot. *Id.* Considering the dismissal of the petition, all other pending motions must be denied a moot. *Id.* ("In order for federal courts to retain jurisdiction over a case, there must an "actual, ongoing controvers[y]," and the absence of one deprives the court of subject matter jurisdiction.") (citations omitted).

### III. Conclusion

This action has been rendered moot by Mr. Abdullah's state court conviction and is now **DISMISSED as moot**. Mr. Abdullah's motion for summary judgment, dkt [9], and motion for immediate habeas corpus relief, dkt [14], and the respondent's motion to dismiss, dkt [7], are **DENIED as moot.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ELIJAH IBN ABDULLAH
477809
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov